IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV30 |
| | ) | |
| LOST JEWEL INVESTMENTS, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Joseph Lee Copeland's ("Defendant Copeland") motion for summary judgment. (Docket Entry 15.) Plaintiff Joe Hand Promotions, Inc. filed a response in opposition to Defendant Copeland's motion for summary judgment. (Docket Entry 16.) For the following reasons, the undersigned recommends that Defendant Copeland's motion for summary judgment be denied without prejudice as premature.

## I. BACKGROUND

Plaintiff initiated this action pursuant to 47 U.S.C. §§ 553 and 605 (Cable and Satellite Piracy) on January 13, 2022. (*See* Compl.; Docket Entry 1.) Specifically, Plaintiff alleges that it is a corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania. (Compl. at 1.)[1] Plaintiff names as a defendant Lost Jewel Investments, LLC

---

[1] Unless otherwise noted, all citations in this order and recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

("Defendant Lost Jewel"), which is a business entity conducting business in North Carolina, and on the relevant date conducting business as "Sippi's Bar & Grill" ("the Establishment"). (*Id.* at 1-2.) Plaintiff also names Defendant Copeland, whom Plaintiff alleges was "an officer, director, shareholder, member, and/or principal of the entity owning and operating" the Establishment. (*Id.* at 2.) Defendant Copeland had a right and ability to supervise the activities of the Establishment, and had an "obvious and direct financial interest in the activities of the Establishment." (*Id.*)

Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses, and similar locations. (*Id.* at 2-3.) Further, Plaintiff held the exclusive commercial distribution rights to *Deontay Wilder v. Dominic Breazeale* ("the Program") on May 18, 2019, including "all undercard bouts and commentary." (*Id.* at 1.) By contract, Plaintiff was granted the exclusive right to license and distribute the Program to commercial establishments through the United States. (*Id.* at 3.) The Program broadcast originated via "satellite uplink" and was subsequently re-transmitted interstate to cable and satellite systems via satellite signal. (*Id.*) Thereafter, Plaintiff entered into agreements with various commercial establishments in North Carolina that, in exchange for a fee, allowed them to show the Program to their patrons. (*Id.*) Based on those agreements, Plaintiff spent "substantial monies" to market, advertise, promote, administer, and transmit the Program to those North Carolina establishments. (*Id.*)

Prior to the broadcast of the Program, Defendants could have contracted with Plaintiff and purchased authorization to show the Program in the Establishment for a fee. (*Id.*) Defendants, however, did not contract with Plaintiff or pay a fee to Plaintiff to obtain the

2

proper license or authorization. (*Id.*) As such, Plaintiff did not give Defendants a license, permission, or authority to receive and show the Program in the Establishment. (*Id.*) By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communications of the Program or assisted in such actions. (*Id.*) Defendants then "unlawfully" transmitted and published the Program to patrons in the Establishment. (*Id.*)

Thus, Defendants pirated Plaintiff' licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. (*Id.* at 4.) Defendants' actions were committed willfully and with the purpose to secure a commercial advantage and private financial gain. (*Id.*) During the relevant time period, Defendants' agents were acting within the scope of their employment. (*Id.*) For relief, Plaintiff seeks damages. (*Id.* at 5.)

Subsequently, Defendants were served, and Defendant Copeland, who is proceeding *pro se*, filed an answer. (*See* Docket Entries 7, 8, 12.) After Defendant Lost Jewel failed to appear or answer, Plaintiff filed a motion for entry of default against Defendant Lost Jewel. (*See* Docket Entry 13.) The Clerk then entered default against Defendant Lost Jewel. (*See* Docket Entry 14.) Thereafter, before an initial pretrial conference had been scheduled, Defendant Copeland filed a motion for summary judgment. (*See* Docket Entry 15.) Plaintiff filed a response in opposition to Defendant Copeland's motion for summary judgment. (*See* Docket Entry 16.) After Defendant Copeland replied, (Docket Entry 19), Plaintiff filed a notice of supplemental authority in support of its response in opposition, (Docket Entry 20).

## II. DISCUSSION

### A. <u>Defendant Copeland's Motion for Summary Judgment</u>

Defendant Copeland contends, *inter alia*, that he did not intercept any satellite, cable, or radio signal under 47 U.S.C. §§ 553 and 605 and makes several statements of "facts," however, the undersigned notes that Defendant Copeland cites to nothing in the record to support those statements. (*See* Docket Entry 15.) Plaintiff opposes Defendant Copeland's motion for summary judgment contending, *inter alia*, that Defendant Copeland provides no evidence or sworn testimony to support his motion for summary judgment, such that the motion should be denied, and the case should proceed to discovery. (*See* Docket Entry 16.)

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence

4

or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting).

When making the summary judgment determination, the Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *see also Anderson*, 477 U.S. at 248-49.

"As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" *Evans*, 80 F.3d at 961 (citation omitted). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* (citation omitted); *see also Temkin*, 945 F.2d at 719 ("Summary Judgment may only be entered after 'adequate time for discovery.'") (citation omitted). The undersigned concludes that Defendant Copeland's motion for summary judgment is premature, given that discovery has not yet commenced, and no scheduling order has been issued. Thus, the undersigned recommends denying Defendant Copeland's motion for summary judgment.

### III. CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant Joseph Lee Copeland's Motion for Summary Judgment (Docket Entry 15) be **DENIED WITHOUT PREJUDICE** to refiling after discovery is completed.

**IT IS HEREBY ORDERED** that this case shall be set for an initial pretrial conference on Wednesday, September 20, 2023, at 9:30 a.m. in Durham.

_____
Joe L. Webster
United States Magistrate Judge

August 15, 2023
Durham, North Carolina